WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darnell Gaddis, et al., | No. CV-24-02683-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| US Bank, et al., | |
| Defendants. | |

Defendant, U.S. Bank National Association ("Defendant"), filed a Motion to Dismiss *pro se* Plaintiffs Darnell and Kahala Gaddis' ("Plaintiffs") First Amended Complaint ("FAC") for failure to state a claim.[1] (Doc. 25). Also pending before the Court are Plaintiffs' Motion for Sanctions, Motion to Strike, and Motion for Reconsideration. (Docs. 33; 35; 37). For the reasons set forth below, Defendant's Motion to Dismiss is granted with leave to amend.

**I.   Background[2]**

Plaintiffs are residents of Arizona. (Doc. 18 at ¶ 1). Defendant is a financial institution headquartered in Minnesota. (*Id.* at ¶ 2). The alleged conduct giving rise to

---

[1] Defendant initially moved to dismiss Plaintiffs' FAC under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), but later withdrew the argument relating to 12(b)(5) in their Reply as Defendant received service on February 4, 2025. (Docs. 25 at 1; 26; 31 at 1 n.1).

[2] Plaintiffs did not include any exhibits or more detailed factual allegations in their FAC that was found in the original Complaint. For this reason, this recitation is based only upon the factual allegations within Plaintiffs' FAC (Doc. 18), which must be taken as true for purposes of a dismissal. *See infra* Section II.

Plaintiffs' claims occurred within Arizona. (*Id.* at ¶ 4).[3]

On January 13, 2025, Plaintiffs filed their FAC. (Doc. 18). Plaintiffs have brought claims under (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and (2) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendant. (*Id.* at 1). Plaintiffs state that they sent a cease-and-desist letter to Defendant on April 26, 2022, requesting that all communication regarding an alleged debt cease immediately. (*Id.* at ¶ 5). Defendant acknowledged receiving the cease-and-desist letter on April 29, 2022. (*Id.* at ¶ 6).

Despite the confirmation, Plaintiffs maintain that Defendant persisted in its pursuit to collect the alleged debt by sending a collection notice on May 10, 2022. (*Id.*). The FAC alleges that, between September 16, 2024, and October 4, 2024, Defendant made twenty-seven unsolicited calls to Plaintiffs, despite repeated requests to cease communication. (*Id.* at ¶ 7). Plaintiffs also allege that Defendant's conduct caused "significant emotional distress, anxiety, and disruption to their daily lives." (*Id.* at ¶ 8).

Defendant now moves to dismiss Plaintiffs' FAC for failing to state a claim for relief. (Doc. 25). Plaintiffs filed a Response to Defendant's Motion on February 10, 2025, followed by Defendant filing a Reply in support of its Motion to Dismiss on February 25, 2025. (Docs. 27; 31). Subsequent filings include Plaintiffs' Motion for Sanctions, Motion to Strike, and Motion for Reconsideration. (Docs. 33; 35; 37).

## II. Legal Standard

Complaints must include a "short and plain statement" indicating the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In essence, the complaint should put forth "sufficient allegations [that] put [the] defendant[] fairly on notice of the claims [asserted] against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A 12(b)(6) motion to dismiss challenges the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Though heightened factual allegations are not required to avoid a

---
[3] Plaintiffs' Complaint invokes a federal cause of action under the FDCPA and the TCPA, so this Court has subject matter jurisdiction. Additionally, this Court has personal jurisdiction over the Defendant as the alleged events occurred within Arizona and Defendant received proper service under Rule 4(c). (Doc. 26).

12(b)(6) dismissal, the complaint must contain "enough facts to state a claim . . . that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When a claim is challenged under 12(b)(6), courts perform a two-step inquiry. *See Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (stating that evaluating pleadings involves a "two-step process"). First, all legal conclusions within the complaint are disregarded. *Id.* Complaints that provide "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Moreover, a complaint stops short of the plausibility requirement if it presents "naked assertion[s]" without further "factual enhancement[s]." *Id.* at 557. Second, courts must accept the remaining factual allegations as true and construe them in the light most favorable to the non-moving party. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Successful 12(b)(6) motions must show the complaint lacks either (1) a cognizable legal theory or (2) fails to allege sufficient facts in support of its theory. *Gage v. Arizona Bd. of Regents*, 643 F. Supp. 3d 1013, 1018 (D. Ariz. 2022).

In ruling on a 12(b)(6) motion, courts consider the entirety of the complaint but may consider documents incorporated by reference and exhibits attached thereto. *Tellabs, Inc.*, 551 U.S. at 322. When taken concurrently, the alleged facts must give rise to a strong inference of unlawful conduct to satisfy the standard and survive a 12(b)(6) motion. *Id.* at 323. Facial plausibility is satisfied when the complaint's factual allegations allow the court to "draw [a] reasonable inference that the defendant is liable" for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires more than a "sheer possibility" that the defendant engaged in unlawful conduct. *Id.*

Determining if a complaint has met the plausibility standard is a "context-specific task" that requires the presiding court to draw on its "judicial experience and common sense." *Id.* at 679. Thus, complaints that fail to raise a claim for relief should be exposed to a 12(b)(6) motion early in the litigation process, to minimize time and money spent by the parties and the court. *Twombly*, 550 U.S. at 558.

When parties are proceeding *pro se*, courts interpret their pleadings liberally, holding them to "less stringent standards" compared to pleadings prepared by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). While *pro se* plaintiffs are afforded this leniency, they are not relieved from their obligation to allege sufficient facts in support of a cognizable claim. *See Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018) (stating that *pro se* plaintiffs must still satisfy "minimal standards" to avoid a 12(b)(6) dismissal). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

## III. Discussion

In the Motion to Dismiss, Defendant argues that Counts One and Two of the FAC should be dismissed because (1) U.S. Bank is not a "debt collector" under the FDCPA and (2) Plaintiffs did not allege that U.S. Bank used an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice. The Court will address each argument in turn.

### A. Defendant's Motion to Dismiss

#### 1. Plaintiffs fail to allege that U.S. Bank is a "debt collector" under FDCPA

Defendant argues dismissal is warranted because Plaintiff has failed to allege that U.S. Bank is a "debt collector" within the meaning of Section 1692a. (Doc. 25 at 3). The Court agrees.

Creditors who, in the process of collecting their debt, use "any name other than [their] own which would indicate that a third[-party] is collecting or attempting to collect such debts" are considered "debt collector[s]" under the Act.[4] *Id*. at 1692a(6). Liability

---

[4] In their Response, Plaintiffs argue that "Defendant calls to collected [sic] the alleged debt under the name, 'Card Member Services,' rather than its real name, making it a 'debt collector' under the FDCPA." (Doc. 27 at 1). This allegation, however, is not in their FAC, and cannot cure the deficiency in the operative pleading. *See Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (stating that courts "*may not* look beyond the complaint to a plaintiff's . . . memorandum in opposition to a defendant's motion to dismiss"); *Border Chicken AZ LLC v. Nationwide Mut. Ins. Co.*, 501 F. Supp. 3d 699, 702 (D. Ariz. 2020) (stating that all allegations must be raised in the pleadings and

under Section 1692 applies only to those who fall within the statutory definition of a "debt collector;" creditors seeking recovery of their own debts are excluded from this definition. *See* 15 U.S.C. § 1692a(6)(A) (excluding "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor" from the term "debt collector").

The FDCPA prohibits "debt collectors" from advancing "false or misleading representations and from engaging in . . . abusive and unfair practices" in connection with the collection of a debt. *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). If a consumer sends written notification to a "debt collector" indicating "refus[al] to pay a debt" or a desire to "cease further communication," the "debt collector" is prohibited from engaging in further communication. 15 U.S.C. § 1692c(c).

Plaintiffs' FAC alleges that Defendant violated the FDCPA by "engag[ing] in harassment and unfair practices by continuing communication after [receiving] Plaintiffs['] . . . cease-and-desist request." (Doc. 18 at 2). Such alleged communication includes Defendant sending a collection notice and making twenty-seven unsolicited calls to Plaintiffs. (*Id.* at ¶ 6–7). However, Plaintiffs have not alleged, nor have they included any supporting facts, that Defendant is a "debt collector" under the FDCPA. (Doc. 18). Specifically, Plaintiffs' FAC is devoid of any allegation that U.S. Bank used "any name other than [their] own which would indicate that a third[-party] is collecting or attempting to collect" on a debt. 15 U.S.C. § 1692a(6). Because Plaintiffs failed to allege that Defendant is a "debt collector," Plaintiffs have failed to allege a FDCPA claim.[5]

### 2. Plaintiffs fail to allege that Defendant used an automatic telephone dialing system or an artificial or prerecorded voice

Defendant also seeks dismissal on the grounds that Plaintiffs' FAC contains no allegations that U.S. Bank used an ATDS or an artificial or prerecorded voice when it made

---

that the inclusion of new allegations in the response was "particularly inexcusable" since plaintiff had ample opportunity to amend the complaint).

[5] The Court agrees with Defendant's point that Plaintiffs' FDCPA claim in relation to the collection notice dated May 10, 2022, is time-bared. *See* § 1692k(d) (stating that an action may be brought "***within one year from the [violation] date***") (emphasis added).

collection calls to Plaintiffs. (Doc. 25 at 4). The Court agrees.

Under Section 227, it is unlawful to call another using either (1) an ATDS or (2) "an artificial or prerecorded voice." 47 U.S.C. § 227(b). The statute defines an ATDS as "equipment [with] the capacity to (A) store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1). Thus, to plead an ATDS violation under the TCPA, Plaintiffs must allege "(1) a call to a cellular telephone; (2) via an ATDS." *Robbins v. Coca-Cola-Co.*, 2013 WL 2252646, at *2 (S.D. Cal. May 22, 2013). Alternatively, to allege an artificial or prerecorded voice TCPA violation, Plaintiffs must allege Defendant placed such calls. *See Loyhayem v. Fraser Fin. & Ins. Services, Inc.*, 7 F.4th 1232, 1233–34 (9th Cir. 2021) (stating that the plaintiff pled a valid TCPA violation when plaintiff alleged that the defendant used an artificial or pre-recorded voice when calling plaintiff's cell phone).

The FAC contains no such factual allegations. (Doc. 18). While the Court may accept Plaintiffs' allegation that Defendant made twenty-seven unsolicited calls, Plaintiffs failed to allege the calls were made using either an ATDS or an artificial or prerecorded voice. (*Id.* at ¶ 5–8). Because the FAC lacks the required statutory elements and supporting factual allegations, Plaintiffs' claim does not satisfy the plausibility requirement needed to survive a 12(b)(6) motion. *See Priester v. eDegreeAdvisor, LLC*, 2017 WL 4237008, at *3 (N.D. Cal. Sept. 25, 2017) (stating that plaintiff's "sparse" factual allegations were "insufficient to plausibly suggest, even indirectly, that [d]efendant used an ATDS when it called him").

Thus, Plaintiffs' Counts One and Two both fail to properly allege a claim under their respective statutes. *See* 15 U.S.C. § 1692; 47 U.S.C. § 227. So, Defendant's Motion to Dismiss is granted—but the Court will allow Plaintiffs leave to amend.

**B.     Plaintiffs' Miscellaneous Motions**

Sur-replies are "highly disfavored" and are only permitted in "extraordinary circumstances," *Finley v. Maricopa Cty. Sheriff's Office*, 2016 WL 777700, *1 n.1 (D. Ariz. 2016), as they are typically a "strategic effort by the nonmoving party to have the last word

on a matter." *ML Liquidating Tr. v. Mayer Hoffman McCann P.C.*, 2011 WL 10451619, at *1 (D. Ariz. Mar. 11, 2011) (quoting *Sims v. Paramount Gold & Silver Corp.*, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010)). Here, Plaintiffs have improperly reiterated their opposition to Defendant's Motion to Dismiss (Doc. 25) through filing different, subsequent motions (Docs. 33; 35, 37). These motions are therefore redundant and unnecessary. Plaintiffs' Motion for Sanctions (Doc. 33), Motion to Strike (Doc. 35), and Motion for Reconsideration (Doc. 37) will be treated as improper sur-replies and denied as moot.

### C. Leave to Amend

If a court determines that a defective complaint can be cured, a plaintiff is entitled to an opportunity to amend the complaint before a dismissal with prejudice is ordered. *See Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). However, such leave is not necessary if an amendment would be futile. *See Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend "is properly denied [where] amendment would be futile.").

If granted leave to amend, Plaintiffs could allege facts indicating that Defendant is a "debt collector." Additionally, it is "possible" to allege facts demonstrating that Defendant used an ATDS or an artificial or prerecorded voice when Defendant placed the calls in question. *See Winters v. Quicken Loans Inc.*, 2020 WL 5292002, at *4 (D. Ariz. Sept. 4, 2020) (stating that an opportunity to amend was appropriate because it was "possible" to allege facts showing the defendant used an ATDS or that calls were made using an artificial or prerecorded voice).

**If Plaintiffs wish to pursue this suit, they must amend their Complaint by making factual allegations showing they are entitled to relief**. Plaintiffs' amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. There are examples of different types of complaints in the Federal Rules of

Civil Procedure's Appendix of Forms (forms 1–15).[6]  The Court also recommends Plaintiffs review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[7]

**To be clear, Plaintiffs' amended complaint "must articulate the exact legal theory of relief for each cause of action [they are] asserting by explaining: (1) the law or constitutional right [Plaintiffs] believe was violated; (2) the name of the party who violated that law or right; (3) exactly what that party did or failed to do; (4) how that action or inaction is connected to the violation of the law or any constitutional right; and (5) the exact injury [Plaintiffs] suffered as a result of that conduct. [Plaintiffs] must repeat this process for each theory underlying every specific cause of action."** *Casavelli v. Johanson*, 2020 WL 4732145, at *10 (D. Ariz. Aug. 14, 2020).  **The amended pleading must not incorporate by reference any part of preceding pleadings, including exhibits.**

If Plaintiffs decide to file an amended complaint, they must do so within **thirty (30) days** from the date of entry of this Order.  Plaintiffs must clearly designate on the face of the document that it is the "Second Amended Complaint."  This complaint must be <u>**retyped in its entirety**</u> and **may not incorporate any part of the original Complaint by reference**.  Plaintiffs should be aware that "an amended complaint supersedes the original complaint and renders it without legal effect[.]"  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Thus, after amendment, the Court will treat an original complaint as nonexistent.  *Id.* at 925.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 25) is **GRANTED**. Plaintiffs shall have until **July 22, 2025,** to file a Second Amended Complaint.  If Plaintiffs do not file a Second Amended Complaint on or before **July 22, 2025**, the Clerk of Court

---

[6] Those forms, the Federal Rules of Civil Procedure, and the Local Rules, as well as other information for individuals filing without an attorney, may be found on the District Court's internet web page: www.azd.uscourts.gov/.

[7] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.

shall dismiss this action without further order of this Court.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Sanctions (Doc. 33), Motion to Strike (Doc. 35), and Motion for Reconsideration (Doc. 37) are **DENIED** as improper sur-replies and moot.

Dated this 7th day of July, 2025.

*[signature]*

Honorable Diane J. Humetewa
United States District Judge